## BROWN *v.* BURGETT.

*(Supreme Court, General Term, Fifth Department.* October, 1891.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

  Plaintiff sold land to one B. by contract, under which possession was given. B. afterwards assigned the contract to defendant. In an action for the purchase price of the land, defendant testified to a conversation had by him with plaintiff, in which plaintiff admitted that B., who had since died, had paid plaintiff for the land in question by the assignment to him of a contract for the purchase of certain timber-land which B. had procured. *Held,* that defendant did not testify as to a transaction with B., deceased, so as to entitle plaintiff to deny that he took from B. the transfer of the contract for the timber-land in payment for the land sold to B., under Code Civil Proc. N. Y. § 829, which provides that one party to a suit shall not be examined as to any personal transaction with a decedent under whom the adverse party claims, unless such adverse party testifies as to the transaction.

  Appeal from judgment on report of referee.

  Action by William M. Brown against Frank A. Burgett. From a judgment entered on the report of the referee in favor of defendant, plaintiff appeals.

  Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

· *Wm. H. Henderson,* for appellant. *A. C. Wade,* for respondent.

  DWIGHT, P. J. The action was in equity to foreclose the plaintiff's alleged lien for the unpaid purchase money of a certain four acres of land, under a contract of purchase and sale made by the plaintiff with Richard Burgett, since deceased, the father of the defendant, who had transferred his interest in such contract to the defendant, the latter being in possession of the land under such agreement; and the relief demanded was that the defendant be barred and foreclosed of all right, title, and equity of redemption in such land, and that the plaintiff recover possession thereof. The answer of the defendant averred full payment and satisfaction of the purchase price fixed by the agreement, viz., the sum of $250, by Richard Burgett, the father, in

his life-time, and demanded, by way of counter-claim, judgment for the specific performance of such contract of sale by a proper deed to be executed by the plaintiff to the defendant. The making of the verbal contract by the plaintiff and Richard Burgett, the amount of the purchase price, fixed thereby at $250, and the transfer of all his interest therein by Richard Burgett to the defendant, were established by the pleadings. The only issue of fact joined by the pleadings and litigated on the trial was that of payment of the purchase price. The referee found on that issue in favor of the defendant, upon evidence which fully sustains the finding, and awarded to the defendant the affirmative relief demanded in the answer, and judgment accordingly was entered, from which this appeal is taken. There is no contention here but that the judgment was warranted by the referee's finding on the issue of payment, but the correctness of that finding is challenged on the ground of exceptions by the plaintiff to rulings of the referee in the admission and rejection of evidence bearing upon that question. The defendant's theory in respect to the payment of the $250 was to the effect that his father had bought a piece of timber-land of one Wright on contract, and sold the contract to the plaintiff for $500, of which $250 was or was to be paid in cash, and the remaining $250 was applied in payment of the contract price of the four acres in question. In support of this theory, the defendant testified to a conversation with the plaintiff shortly after he (the defendant) had bought his father's interest in the property, in which the plaintiff admitted that he had sold the land to the defendant's father, and had had his pay for it, and that he understood that his father had sold the contract to the defendant, and promised that he would get around in a few days, and give the latter a deed for it. He further testified: "He told me, this same day, that my father had bought a piece of land over in Red House of Frederick Wright, all of which I knew, and had turned his contract over to him, [Brown.] Father had bought this land on a contract. It was timber-land, and he gave my father $250, and the price of the land in question, which was called $250, for the timber-land contract, which they called $500. I knew of my father's purchase of the timber-land, and that the plaintiff afterwards took it, and went into possession of it." On his cross-examination the defendant gave the following version of the same conversation: "In the first conversation, the plaintiff said father had a contract for it [the Wright lot] of Wright, but had never paid anything on it, and that he had bought the contract of father for $500, and was to give father the land in question at $250, and pay $250 besides;" and the plaintiff, when he undertakes to contradict this evidence, testifies: "I never told the defendant nor any one that I had taken the Wright contract from Richard Burgett at $500, and was to give him this four-acre piece at $250, and give him $250 more in payment for it." Also, on the cross-examination of the defendant, he testifies: "I knew nothing about father having secured the plaintiff, only by what the plaintiff told me in that conversation and a previous one." It thus plainly appears that the whole of the testimony of the defendant first above quoted, down to the words, "I knew of my father's purchase of the timber-land," etc., was a recital of what the plaintiff told him in the conversation testified to by him. But, when the plaintiff had the case, in rebuttal he offered his own testimony to the effect that he never did, in fact, have the transaction with the deceased, Richard Burgett, in reference to the consideration for the transfer of the Wright contract, which he was said to have admitted. The testimony so offered was objected to by the defendant as forbidden by section 829 of the Code, and was excluded by the referee. The plaintiff's exception to that ruling is insisted upon, on the argument here, on the assumption that the defendant had testified concerning the same transaction, and so had opened the door to the testimony of the plaintiff in respect thereto. The argument is already answered by showing that the defendant had not testified to the transaction itself, but only to the plaintiff's

admissions as to what the transaction was. The fact, testified to by the defendant, that the plaintiff took a transfer of the Wright contract from his father, was not in dispute. The plaintiff himself testified to it, and produced the contract on the trial. The fact in dispute was whether the consideration of the transfer included payment for the four acres in question.

Another exception strongly urged by the appellant here points to alleged error in the exclusion of the plaintiff's testimony concerning a conversation which he says he had with the deceased, Richard Burgett, in the fall of 1876. The admissibility of this testimony is also urged on the ground that it had been rendered competent by the fact that the defendant had already given his version of the same conversation. The difficulty with the offer is that there was nothing to show that it was the same conversation to which the testimony of the defendant relates. On the contrary, the conversation referred to in the offer was one which the plaintiff says was had with Richard Burgett alone, a short time before any deed of the four acres had been made, and in which the plaintiff promised soon to make a deed to Richard; whereas the conversation testified to by the defendant was one had with him and his father, and was after the time when, as the plaintiff said, he had made out the deed to Richard by mistake, and would have it rectified. Moreover, the plaintiff was permitted to testify that he never had the conversation with Richard, in presence of the defendant, substantially as testified to by the latter. There is no other exception to rulings on the trial which seems to require discussion. The evidence upon the only fact in issue between the parties, viz., that of payment of the purchase price of the land in question, though it consists chiefly of admissions of the plaintiff, was ample to sustain the finding of the referee in that respect, and no further question is made on this appeal. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.